### GEORGE LANG *vs.* JAMES WHIDDEN.

If an idiot be under guardianship, a suit may be instituted by the guardian in the name of his ward, without any mention of the guardian ; and the suit will be sustained, unless advantage be taken of the defect before pleading the general issue.  In such a case, the idiot, by his guardian, may prove, that a deed, purporting to be executed by him, was signed at a time when his faculties were so feeble as to unfit him for the transaction of business ; in this way he may stultify himself and avoid his deed.
The form of suing and defending, when the parties are idiots.

THIS was a writ of entry, in which the demandant counted upon his own seisin of certain parcels of land in Greenland, and upon a disseisin by the tenant.

At the trial here, February term, 1821, under the general issue, the demandant, by his guardian, *J. Berry*, offered evidence, that in A. D. 1796, the demandant owned and occupied the premises in dispute.  The tenant then produced a deed of the premises to himself from the demandant ; the validity of which was contested by the demandant on the ground that at the time it was signed, the demandant was *non compos mentis*.  The tenant objected to the competency of such evidence to avoid the deed, and also insisted, that this

action could not be sustained in the name of a person *non compos*, unless it appeared in the writ to be prosecuted by his guardian. But these objections being overruled, the jury found a verdict for the demandant, which was taken, subject to the opinion of the court upon the whole case.

*Cutts* and *Sullivan*, for the demandant.

*Bartlett* and *Mason*, for the tenant.

WOODBURY, J. The form, in which suits are to be instituted, and defended, when the parties are idiots or lunatics, does not seem to be very well settled in the books. In *Co. Litt.* 135, *b.*, *Coke* says, " the suit must be in their name, but " it shall be *followed* by others. And note, that when an " idiot doth sue or defend, he shall not appear by guardian " or *prochein amy*, or attorney, but he shall be ever in per- " son ; but an infant or a minor shall sue by *prochein amy*, " and defend by guardian." *Fitz. natura brevium* 27, G.— 2 *Inst.* 261.

But in other books this rule is said not to extend to lunatics as contra distinguished from idiots ; because lunatics may recover their senses, again enjoy their estates, and therefore be tempted to pretend lunacy for the purpose of gain. 1 *Chan. Ca.* 113, 153.—*Highmore on Lunacy* 85.— *Bac. Ab.* " *Idiots and Lunatics*," G.—4 *Coke* 124.

In some cases, it is said, that lunatics also shall not appear by guardian, whenever the consequence of the suit may be to enforce his agreements. And in other cases it is said to be customary, as to both idiots and lunatics, for chancery to appoint a committee to defend their suits, or a guardian ;(1) and that the attorney general, considering them under the peculiar protection of the crown, frequently exhibits information in their behalf.(2) While in respect to lunatics, it is elsewhere said, that they may sue as well as defend by their committees.(3) But it would seem from *Thorn vs. Coward*, (2 *Sid.* 124,) that the suit must still be in the name of the lunatic.

We are inclined to think, that in this state, where neither a court of chancery nor a king exists to superintend, through committees and the attorney general, the concerns of those

(1) Mitf. Pl. 95.—3 Pierre Wms. 111.

(2) Finch 135. —4 Brow. Par. C. 559.

(3) 1 Dickens 233.—1 Chan. Ca. 153.

*non compotes*, that this duty is devolved altogether upon their guardians; and that, in all kinds of suits, and whether the parties in interest be technically idiots or lunatics, their names must appear as the parties on the record. 4 *Mass. Rep.* 436.—7 *ditto* 96, *Winslow vs. Winslow.*—14 *Mass. Rep.* 207, *Leighton's case.*

But whether the suit shall then be "followed," as *Coke* terms it, by the guardian, without a previous entry of the guardian's name in the writ or on the record, does not seem very clear from the adjudged cases. On principle, it would appear proper, and such has been the usage here, to institute actions in the name of the ward, adding in the writ, " by his guar-" dian, A. B." and then the defendant will have greater responsibility for cost and the court will have assurance, that the action is not commenced without due advice. 16 *Mass. Rep.* 348, *Somesby Loud, his guardian, vs. Skinner.*

So when the idiocy of the defendant is known, the practice has been to stay proceedings till the guardian is notified to appear; and if he chooses to defend, he should enter his name on the record for that purpose. *Mitf. Pl.* 94.—*Highmore on Lun.* 90, 86.

In the following cases the suits were either instituted or defended, in the name of the idiot and by the guardian; but it does not appear, that the name of the guardian was entered on the record. 4 *Mass. Rep.* 436, *Brown vs. Chase.* —3 *Day's Rep.* 90, *Webster vs. Woodward.*—15 *John. Rep.* 503, *Rice vs. Peat.*—2 *Stra.* 1104, *Yates vs. Baen.*—2 *Vent.* 198. In these cases, the defence was by attorneys, without any guardian. 7 *Mass. Rep.* 474, *Broadstreet vs. Broadstreet,* 18 *John.* 134, *Faulkner vs. M'Lure et al.*

We are satisfied, however, that it is bettter practice to insert the name of the guardian of the plaintiff in the writ, in the manner before named; yet an omission to do it cannot be taken advantage of, after pleading the general issue. When taken advantage of, it is by a motion addressed to the discretion of the court, to protect the defendant against cost and vexatious suits in the name of idiots, which protection is not needed in the present case; or it is by an objection merely

in disability of the plaintiff, and which could be pleaded only in abatement. 3 *D. & E.* 631, *Miller vs. Milnes.*—1 *Chitt. Pl.* 13, 14.

In respect to the other point in the case, the objection against evidence of idiocy to avoid a deed, seems to have partaken more of form, than substance. It was never contended, that the deed of an idiot was binding in itself; but only that it could not be avoided in any suit where the idiot was a party; no man is permitted to " stultify himself;" " no man of full age shall be received in any plea to disable his own person," &c. *Litt. sec.* 405.—4 *Coke* 123.—*Pow. Con.* 20, 14.—2 *Bl. C.* 291.—3 *Mod.* 310.—*Ld. Ray.* 315, *Thompson vs. Leach.* Many of the reasons for this rule are exceedingly quaint and sophistical; and when the same authorities admit, that the deed of an idiot may be avoided by a proceeding in chancery in the name of the king, or by the heirs of the idiot, or by third persons, who may be interested, it is unnecessary to examine at length the fallacy of those reasons. *Cro. El.* 398, 628.—8 *Coke* 170.—3 *Atk.* 270.—3 *Pierre Wms.* 105.

Indeed, many cases appear at common law, where a person, once lunatic, has, on his recovery to reason, been allowed to avoid his former deeds. *Register Brev.* 228.—*Fitz. N. B.* 466.—*Britton Ch.* 28.—15 *John. Rep.* 503, *Rice vs. Reat.*—*Strange* 1104, *Yates vs. Bean.*—2 *Vent.* 198.—*Bull. N. P.* 172.

Other cases exist, where similar evidence has been admitted, though the incapacity still continued, and the suit was in the name of the *non compos*. 3 *Day* 90, *Webster vs. Woodward.*—*Highmore on Lun.* 88.—3 *Mod.* 310.—1 *Vern.* 198.

The rule of the civil law was the same. And under our system of laws, and our practice to require the guardian to conduct the suit, such evidence, in the cases last mentioned, can work injustice to nobody, and is necessary for the effectual protection of a most helpless portion of the human race.

*Judgment on the verdict.*